Is it Coate? Is that correct? Coate, Your Honor. Coate. I apologize. May it please the Court. Charles Coate, Hamrick Evans, LLP, appearing on behalf of appellant Gussi, S.A. de C.V. If I could reserve five minutes for rebuttal. Watch the clock. We'll try to help you. Thank you. Focusing on the questions that the panel forwarded, I'll begin with issue number one. And the short answer to that is yes, the district court did err. On this record, there was no evidence as to either the ownership or citizenship of Claimant Voltage Pictures, LLC's members or that its principal for whom it entered into the distribution agreement, a Nevada limited liability company, where they were located. The declaration of Jonathan Dechter, an officer, simply concluded, Voltage is a California limited liability company with its principal place of business in Los Angeles, California. Thus, it was impossible for the district court to conclude that it had diversity jurisdiction. So if we ruled on that and sent it back, what would happen? Do you know where the members are located at? My understanding, and it's only my understanding, there are various press accounts. The principal, Nicholas Chartier, is well known to be French. For Voltage? My understanding is that Nicholas Chartier is the organizer of the company, the chief executive officer of the company, the manager of the company, and the registered agent of Voltage Pictures. He's well known in the entertainment industry as being a French film producer and sales agent. Has he naturalized at some point? I'm not aware of that. All I know is what we can glean from press accounts that he is, in fact, French. Let's assume, arguendo, that you're correct about that. The second question, of course, we asked was whether there's an independent basis under 9 U.S.C. 203 for subject matter jurisdiction in the court. What's your position on that? This is somewhat nuanced in that we would say arguably no, based on the Hay Day Farms case, and if you drill down on that case. Hay Day stands for the proposition that the cause of action arises under federal law for jurisdictional purposes when the plaintiff's well-pleaded complaint raises federal issues. Here it was not a well-pleaded complaint because the plaintiff only alleged upon information and belief as to the principal place of business and citizenship. The declaration of Jeremiah Reynolds merely attached a copy of the final award with nothing else to support the information and belief. Let me ask you. I mean, you're obviously a smart, good lawyer. Yes. But I got to say, I'm troubled by this case. You all got involved in the arbitration, fully involved in it until the very end, and then it seems like everything got cute. You say the service wasn't proper, and yet you clearly knew about it, because then you went to Mexico, somebody went to Mexico and allegedly started a lawsuit there based upon what had occurred in the United States. You clearly had notice, right? I mean, actual notice. So why is this a problem? Isn't this just too cute? Well, I guess one man's cute is another one, why do we have rules governing international disputes? And here the requirements of these, there wasn't just one treaty, but two international treaties were made apparent to them. With respect, before we get to that, there's no question that you agreed to arbitrate, right? That was done, all we're talking about is the enforcement of the arbitration, right? Isn't that right? There was an agreement to arbitrate. And you did arbitrate. With a principle that's not even in the case. There's a real question here that you can raise, Suus Pante, whether or not an indispensable party's not here. You arbitrated. Your client arbitrated, an award was issued, right? That's correct. Okay, so as I see it, what you're talking about is the enforcement of the award. But the actual arbitration took place in the United States, I think took place in the county of Los Angeles, right? It did. Okay, so now we're just talking about enforcement. And you argue about the treaties. Maybe they apply. But let's talk first of all about service. Let's assume that IFTA Rule 13.1 doesn't apply here. What do we do with this? What about Rule 4? Doesn't ultimately Rule 4 come into play? It does come into play. However, if you read Rule 4 closely in conjunction with 9 U.S.C. 9, they haven't complied with that either. And, again, we brought all of these things to their attention throughout briefing, throughout the case. And they just simply ignored it. They just did their own thing. And I'll explain what I mean by that. So under Rule 4, FRCP 4H, serving a corporation, partnership, or association, unless federal law provides otherwise, and that's the caveat that they haven't complied with. Was it just federal law, or does it include state law as well? It only includes federal law, and here's why. Because federal law, this was not a garden variety complaint. This was a confirmation proceeding. And 9 U.S.C. 9 required service by a marshal outside of the district. This was an L.A. arbitration, but they accomplished, they say they accomplished, but they didn't, service in Sacramento. We have a Delaware Corp. It's not based in Sacramento. No one's based in Sacramento. Only Paracorp was based in Sacramento. So they needed to serve by marshal. Wasn't that the first time around the district judge says that doesn't work? So then they did it again. And didn't they serve your folks in L.A. County? They did not. Okay, where did they serve them? The service that they're claiming is effective is the one in Sacramento on Paracorp. Where's the one where they serve the general manager? You're claiming that occurred in Sacramento? They're claiming it's in Sacramento. They're claiming that Paracorp was the registered agent of Goosey, Inc., a Delaware Corp., and they're saying that that Delaware Corp. that's not based in Sacramento was the general manager. And if you get into. I thought they served a person, a real person. Is that not correct? Caitlin Gibbon is an employee of Paracorp in Sacramento. She doesn't work for Goosey, Inc., and she doesn't work for Goosey, S.A. to C.V. She was not in L.A. County? No, she was in Sacramento. Okay. I can give you the page. Okay. That's record 356. So if you look at Gray, which was cited by the panel, it's easily distinguishable, as are the cases it relies on. Ms. Gibbon is not an officer of appellant. Neither is Paracorp. She's not a general manager of appellant. Neither is Paracorp. Goosey, S.A. to C.V. does not have a corporate agent in California, and Paracorp is not an officer of appellant. Let me ask you this. Again, I know you have a technical argument, but practically speaking, your client got the information, right? You got the paperwork from the general manager. Whether or not you say she wasn't authorized, I get that. California law is clear that notice does not substitute for proper service, and there's legions of cases where they said if they weren't served, we don't have jurisdiction, even if they knew about it. That's under California law, and I think federal authority is consistent. I see I've gone over. Did you flip the balance of your time? Up to you. Yeah, I wanted to reserve five minutes. I'm at four and a half. You don't have that anymore, but you can save what you've got left. I reserve five minutes. No, but that's not the way it works. You have to control your own time. You've got about four minutes left. You can save that if you like. Yes, I do. Okay. Thank you. Thank you. Very well. Ms. Lee. Good morning. Elaine Lee appearing on behalf of Voltage Pictures, LLC. Please speak up a little bit, and they pull that toward you there. Elaine Lee for Voltage Pictures, LLC. May it please the Court. So I like to start with also the issues raised by the Court in its order. On the issue of diversity jurisdiction, it is true that there was not sufficient facts in the petition to confirm regarding the members of the LLC, and it doesn't identify who the members are. So there wasn't enough in the record for the district court to find that there was complete diversity between the parties. But I'd also like to point out there is nothing in the record to disprove that there is complete diversity. The citizenship of Voltage was simply never disputed or challenged below or in the appeal, and that may have been why the district court didn't inquire further. Whose burden is it to approve diversity jurisdiction? It is the party invoking it. So in this case, it is Voltage, our client. It's what? It is Voltage, our client. Okay, so you have the burden to show that the district court had diversity jurisdiction. Exactly. If there's nothing in the record to show that the rules that have to be followed to prove diversity jurisdiction have not been satisfied, then do you lose on that point? So we agree that there may have been an error in concluding there is diversity jurisdiction, but there is no doubt that there is, regardless, there is subject matter jurisdiction based upon federal question under 9 U.S.C. Section 203. Okay, so you're going then to our second question, right? Yes, exactly. Okay, and what's your argument there? We think that is a more straightforward route to subject matter jurisdiction, and this is because, as opposing counsel pointed out, under the well-pleaded complaint rule, an action arises out of federal law if it is apparent from the face of the complaint that a federal issue is raised, even if the claim wasn't explicitly asserted. And this is exactly what the court held in Hay Day Farms. So there the court held the case, even though there was no complete diversity to support, no complete diversity to support diversity jurisdiction, there is still subject matter jurisdiction under federal question, and that is because the case, the petition to confirm there, says that it is an international arbitration award involved, and the case was to confirm that award and involved at least one foreign party. Your opponent says that the Hay Day Farms case is distinguishable. What's your argument in response? I don't find that distinction meaningful because, at the end of the day, it is clear that the entire time that there's no dispute that GUSI is a foreign party, it's a Mexican corporation, there's never been any dispute about that, and it wasn't ever, you know, that fact has been established over and over, and it wasn't ever challenged by appellant. And, in fact, the appellant's opening brief even states in the jurisdictional statement that there is subject matter jurisdiction under Section 203 because GUSI is a Mexican corporation, and it even cited to Hay Day. So it's unclear what has changed since the opening brief between then and now. If I can interrupt. I know it wasn't set forth in the complaint, but do you know if all the members of Voltage LLC, there'd be complete diversity, if you look at the members? There is nothing in the record before the court, so I don't want to make that representation on a factual or evidentiary issue when there's no evidence in the record. So going to the third issue, what is your position on the third issue that was raised in the focus order? The third issue— that even though you—it sounded like there's two issues he was saying. One was that the registered—that who you're saying is the registered agent of, I think it's GUSI, Inc., right, that is— I couldn't maybe quite tell whether he's saying that they're not actually the registered service agent of GUSI, Inc., but then I think he's also—I think, as I take it, his main argument is that GUSI, Inc. is not the general manager. I think that's where he's saying this. So serving this registered agent at GUSI, Inc. didn't help because it's not a general manager. What's your position on that? It sounds like there are two different arguments. So it's unclear what the argument is against the fact that GUSI, Inc. is the general manager of GUSI. The case law is pretty clear that if you have sufficient connections such that it would—that service on the general manager would give— would reasonably give notice to the foreign party, then there is—it does meet the standard of general manager. And it doesn't seem that opposing counsel has really argued on that point. Make a difference—okay, so the proceedings happened here in L.A., so I guess the central district, right? And it sounds like you served in Sacramento, which I don't know my district real well, but that's the eastern district, I think, right? So does it make a difference that—assuming that GUSI, Inc. is a general manager and this is actually the registered agent for GUSI, Inc., does it make a difference that this person was served in Sacramento as opposed to the central district somewhere, in a different judicial district? I don't believe it makes a difference that it wouldn't— it would make service noncompliant under Rule 4 or under California law. This has to be served in a judicial district of the United States, right? Exactly. Because the key is under—I'm citing to 4E1. It says, allow service process on a foreign corporation in accordance with state laws for serving a summons and action brought in courts of general jurisdiction in the state where the district court is located or where service is made. So I think the focus there is the state law that applies is where the district court is located or where service is made. And in this case, the service was made on the general manager. And because the general manager is a company, is an entity under California law, how you serve that entity is by serving its registered agent by personal service. And that's exactly what we did. So just because its registered agent has an address in Sacramento, I don't see why that's relevant for— Let me ask you this. I believe the district court made some factual findings about this service. Is that correct? That's correct. And how do we treat that? Is that—do we review that for clear error? What weight, if any, should we give to the district court's finding about the service? I believe those are factual findings based on the transcript and the underlying arbitration. So that should be reviewed for clear error. And there is no clear error that's been established regarding those factual findings. I didn't really see much of an argument by your client below regarding the application of Rule 4. Any particular reason why you didn't make that argument?  We focused on California law because that was what we intended to do. If, you know, in the case that we have to confirm the arbitration award, then the parties were attempted to select California law regarding service process. But I understand this court thinks maybe the applicable law reference in the arbitration rules may be Rule 4. But what's interesting is that even if we applied Rule 4 to service, the outcome is exactly the same because Rule 4 allows service on a foreign corporation. If Rule 4 is the one that actually applies, has service—was service sufficient in this case? Yes. Why? Yes, it absolutely is sufficient because if Rule 4 applies, Rule 4 in turn allows California law to apply where the service was made, you know, where it occurred in California, which it did. And the fact that the district court concluded that service was proper, maybe just solely based on California law, that still doesn't make this decision incorrect. In fact, there are cases after cases in the circuit stating that if the decision below is correct, it must be affirmed even if the district court relied on the wrong grounds or wrong reasoning. What do we do with the fact that the district court really didn't, in my perspective, talk about if the Rule 13.1 and what it said? And yet that clearly seems to govern the law of the arbitration hearing. What difference, if any, should that make in our analysis? 13.1 of the arbitration rules? In other words, the district court seemed to have ignored if the Rule 13.1. What difference does that make, if any? I don't believe it makes any difference because there are only two ways it could have concluded even if it didn't ignore Rule 13.1. One way is to say that the applicable law is California law. The other way is to say the applicable law is the procedural laws of the forum, which would be FRCP. And as we just discussed under Rule 4, service under California law is expressly authorized where the service occurred within California. If the district court didn't deal properly with Rule 13.1, but Rule 4 could also apply, are we, as a court of appeal, authorized to apply Rule 4 and reach the same result even though the district court did not properly consider it below? I believe so because the ultimate outcome would be the same, would be that the service was proper under Rule 4 or the service was proper solely based on California law. It wouldn't be waived. In other words, as you know, many times when an argument has not been raised in the district court, we treat it as being waived when we review it. We don't have to do that, but we can. In this case, was the if to Rule 13.1 argument waived? The argument regarding Rule 13.1 would have been brought by the appellant because the appellant is challenging the application of 13.1 by the district court. So to the extent that the appellant waived it, we're fine with that. Did you push it? Did you push that argument? Or alternatively, did you push Rule 4? We did not push 13.1 argument because it wasn't explicitly challenged below. I see I have a few minutes left. I'm okay for going the rest of my time unless the court has further questions. Any other questions about my colleagues? All right. Thank you very much for your argument. So, Mr. Koch, you have some rebuttal time. Yes, thank you. So what was important was what I didn't hear, and that was there's literally no discussion or analysis of service under FRCP Rule 4 other than a general, well, it can incorporate state law. Let me ask you this. Let's assume for a moment that nobody raised it. And yet, as a matter of law, if arguendo, if we conclude that it can and does apply, can we sua sponte, consider that and analyze what happened here under Rule 4? I don't believe that you can, but even if you could, I don't believe you can get there and here's why. Because the case of Gray and the cases cited therein don't get you to a general manager status of Goosey, Inc. All of those cases involved California corporations. Goosey, Inc. is not a California corporation. Goosey, Inc. was a stranger to the arbitration, and as we stated earlier, this is a confirmation proceeding. 9 U.S.C. 9, it was in their jurisdictional statement in their brief. Under 9 U.S.C. 9, they were required to utilize a marshal if they tried to effect service out of the judicial district, which is what they did. Sacramento is a different district. They have federal courts there. They have marshals there. They could have done what the rules require. So why do we need to look away from what these rules require? We didn't elect for them to file in federal court. They elected that form. I mean, they couldn't wait until the ink was dry on the arbitration war. They filed it three days later. So they filed in federal court the form they chose, and none of these cases or the cases cited therein get you to a general manager status for Goosey, Inc. Let me make sure I understand. Let's assume for the sake of argument that we were to conclude that Goosey, Inc. is the general manager. Let's assume that. Are you saying that even in that instance, because the service was not in the central district, it was in the eastern district, that their service was defective because they didn't use a marshal? That's right, because this is not a garden variety complaint. This is a confirmation of an international arbitration award. So to the extent that under 9 U.S.C. 9, which is what they based their jurisdiction on, if they served the entity outside of the judicial district from where they're located, they needed to utilize a marshal. And, again, we brought these requirements about marshals and clerks and what you needed to do to serve. We briefed these things below, and they just did their own thing. If you look at the case law cited in gray, Overland Machine Products, that was a California corporation, Goosey is not. In Sims v. National Engineering cited in gray, Goosey is not an exclusive agent for Goosey S.A. in California, which is what it was premised on. If you look at Eclipse Fuel, which was cited in gray, Goosey Inc. isn't an exclusive sales representative for Goosey S.A. to CV in California. As you're aware, district court made some findings and basically concluded, paraphrasing here, that under California law that service was adequate. Is that your understanding as well, that that's what the district court did? It made some findings, but they're not supported by the record. I see my time has expired. I understand you don't agree with them, but I'm just saying, didn't the district court say that the service was adequate under California law? It did, Your Honor, but to the extent that FRCP4 says, unless otherwise required by federal law. Federal law, because this was a confirmation proceeding, required service by a marshal outside of the district, and the judge simply overlooked that. But could the marshal have served the same person and gotten a different result from your perspective? I'm not sure I'm following. You have multiple arguments. One of the arguments is that Goosey Inc. is not a general manager. But I think assuming that Goosey Inc. is a general manager, et cetera, if the marshal had served this person who works for the registered agent of Goosey Inc., would that have been sufficient? Assuming that Goosey Inc. was a general manager. Goosey, yes. I think on this record, because you're talking about the interpretation of the FRCP, that is a de novo review. And so you have the record before you, and it's clear that Goosey Inc. is a Delaware corp. They conceded. You're not answering my question. I'm sorry. We're over time. I'm not asking. You're going back, I think, to that they're not the general manager. I'm saying assuming they are the general manager, assume that for the sake of argument. I'm not asking you to concede that. I'm just asking you to assume. And so Goosey Inc. is the general manager, and assuming that this is the registered agent of Goosey Inc., do you think that if a marshal had served this person, then service would be sufficient? Or is there some argument that you have that's unrelated to the marshal? If they are actually the general manager. I don't believe so, just because none of these cases involve confirmation of arbitration proceedings. They're all garden variety complaints. So I don't think you can take it out of the other statute. Those statutes need to be complied with due to the nature of the confirmation proceedings. All right. And do either of my colleagues have additional questions? One follow-up question. Under your reading of 9 U.S.C. 9, I know you keep on mentioning Goosey is a foreign company, but under that statute in your reading, you'd have to use U.S. marshal, even if the company was homegrown, say, in San Diego. You would have to still use the U.S. marshal if the arbitration proceeding wasn't in that district. Is that correct? Well, the language says if it's served outside of the judicial district. So it doesn't matter whether it's a foreign company or anything under your reading. So it doesn't matter whether Goosey is a foreign company. That has no bearing. It's just that it could be an American company, no foreign parent, et cetera, cousin, just outside the district, and we have to use a U.S. marshal. Yeah, I think it's amplified by the fact they're based in Mexico, but clearly L.A. and Sacramento are different judicial districts, and Goosey, I mean, Goosey, Inc. did not have any connection with that district, so it needed to be served by marshal. Thank you. Very well. Thank you for your argument, counsel. Thanks to both. The case just argued is submitted, and the court stands adjourned for the day. All rise. This court, for discussion, stands adjourned.
judges: SMITH, LEE, VANDYKE